10-2547-cv
Diamond v. O'Connor

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of April, two thousand eleven.

Present:
  ROBERT A. KATZMANN,
  DENNY CHIN,
    *Circuit Judges*,
  JOHN GLEESON,
    *District Judge*.[*]

———————————————————————————————

RICO DIAMOND,

  *Plaintiff-Appellee*,

    v.            No. 10-2547-cv

JACK O'CONNOR,

  *Defendant-Appellant*,

UNNAMED OFFICERS OF THE SOUTH BURLINGTON
POLICE DEPARTMENT, SOUTH BURLINGTON
POLICE DEPARTMENT, CITY OF SOUTH
BURLINGTON, VERMONT,

———————————

[*] The Honorable John Gleeson, United States District Judge for the Eastern District of New York, sitting by designation.

*Defendants.*

For Plaintiff-Appellee:               LISA B. SHELKROT, Langrock Sperry & Wool, LLP, Burlington, Vt.

For Defendant-Appellant:         KAVEH S. SHAHI, Cleary Shahi & Aicher, P.C., Rutland, Vt.

Appeal from the United States District Court for the District of Vermont (Sessions, *C.J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the order of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Jack O'Connor appeals from the June 10, 2010 order of the district court granting in part Plaintiff-Appellee Rico Diamond's motion for attorney's fees and granting his motion for costs. On appeal, O'Connor argues that the district court abused its discretion in awarding attorney's fees and costs to Diamond because he recovered only nominal damages in this civil rights action. We assume the parties' familiarity with the facts and procedural history of this case.

Title 42, section 1988 of the United States Code provides that in any action brought under section 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Determining whether an award of attorney's fees is appropriate is a two-step inquiry. First, fees may be awarded only to a "prevailing party." *Farrar v. Hobby*, 506 U.S. 103, 109 (1992). Second, the requested fee must be reasonable in view of "the plaintiff's overall success." *Id.* at 114 (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 793 (1989)). We review the district court's

decision to award attorney's fees to a prevailing party for abuse of discretion. *Pino v. Locascio*, 101 F.3d 235, 237 (2d Cir. 1996).

Upon our review of the record, we conclude that the district court's award of attorney's fees and costs to Diamond was not an abuse of its discretion. We have considered O'Connor's remaining arguments and find them to be without merit. For substantially the reasons stated by the district court in its opinion, *Diamond v. O'Connor*, No. 05-cv-279 (D. Vt. June 10, 2010), the order of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK